IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C. 20002<br><br>      *Plaintiffs,*<br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT<br>AGENCY<br>500 C Street, SW<br>Washington, D.C. 20472,<br><br>      *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  24-cv-3292<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND PRAYER FOR DECLARATORY
AND INJUNCTIVE RELIEF**

  Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant Federal Emergency Management Agency ("FEMA"), allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

  1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of:

  [A]ll FY2023 records regarding the Transportation Services Eligible Reimbursement Spreadsheet including all records from:

    1) The Emergency Food and Shelter National Board Program.
    2) The Emergency Food and Shelter Program (EFSP) National Board.
    3) FEMA's Office of the Chief Procurement Officer.

1

*See* Plaintiffs' FOIA Request, No. 2024-FEFO-00413 (Feb. 1, 2024) ("Request") (Ex. 1).

## PARTIES

2.  Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense."  Heritage Foundation, *About Heritage*, https://www.heritage.org/about-heritage/mission (last visited Nov. 20, 2024).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.

3.  Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an investigative columnist for The Daily Signal, a national media outlet.  The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of effective oversight.  The requests and analyses of information are informed by Heritage's deep policy expertise.  By its nature, the Oversight Project is primarily engaged in disseminating information to the public." Oversight Project, https://www.heritage.org/oversight (last visited Nov. 20, 2024).  The Oversight Project and Plaintiff Howell's journalistic work is published most frequently on X (formally known as Twitter) to provide information directly to the American people.  *See* Oversight Project (@OversightPR), X (last visited Nov. 20, 2024), https://twitter.com/OversightPR.  The Oversight Project regularly publicly posts the records it receives from FOIA on X.  Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4. Defendant FEMA is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is "helping people before, during and after disasters" U.S. Dep't of Homeland Sec., Federal Emergency Management Agency, *About FEMA*, https://www.fema.gov/about (last visited Nov. 20, 2024).

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7. Plaintiffs submitted the Request to Defendant on February 1, 2024.

8. The Request sought:

[A]ll FY2023 records regarding the Transportation Services Eligible Reimbursement Spreadsheet including all records from:

    1) The Emergency Food and Shelter National Board Program.
    2) The Emergency Food and Shelter Program (EFSP) National Board.
    3) FEMA's Office of the Chief Procurement Officer.

Request at 1.

9. The Request also included a specific example of records requested "from the Fiscal Year 2023 Humanitarian Relief Funding Guidance pdf.", to assist FEMA in processing the Request:

**Example of Transportation Spreadsheet**

**Emergency Food and Shelter Program**
**FY 2023 Humanitarian Relief Funding**

| Jurisdiction ID and Name | 0123-00 Sample Jurisdiction |
|---|---|
| LRO ID and Name | 0123-00-001 Sample Agency |
| LRO Address City/State/Zip | 123 Sample Street, City, State Zip |

Spreadsheets and daily logs must be submitted electronically in the application process on the EFSP website. Spreadsheets alone are not enough. Copies of supporting documentation (proofs of payment or receipts) of eligible expenditures must be submitted to the **Local Board**. Documentation may also be sent electronically in the application process if volume is not too large.

**TRANSPORTATION SERVICES ELIGIBLE REIMBURSEMENT SPREADSHEET**

| Payment/Check Number | Payment/Check Date (MM/DD/YY) | Invoice/Receipt Date (MM/DD/YY) | Invoice/Receipt Number (If no number, enter N/A) | Vendor Name | Description (describe item purchased, if not identified on receipt) | Invoice/Receipt Amount | Total Check Amount | EFSP Portion of Invoice Amount |
|---|---|---|---|---|---|---|---|---|
| 1358 | 02/18/23 | 02/15/23 | SW123-23 | Charter Bus Depot | | 1,200.00 | 1,200.00 | 1,200.00 |
| Credit Card | 03/20/23 | 03/20/23 | 6543-21 | USA Airlines | Airfare for 4 migrants | 1,000.00 | 1,000.00 | 1,000.00 |
| Credit Card | 05/03/2023 | 05/03/2023 | 9900-1 | Bus Line | Bus tickets 10 migrants | 625.00 | 625.00 | 625.00 |
| | | | | | | | Total | 2,825.00 |

Sample Spreadsheets are available on the EFSP website under the Humanitarian Funding Info tab.

*Id.* at 1–2.

10. The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of *The Daily Signal*, which is a major news outlet. *Id.* at 4.

11. The Request also sought production of records in partial responses as soon as they became available. *Id.* at 4

### DEFENDANT'S CONSTRUCTIVE DENIAL OF THE REQUEST

12. Defendant acknowledged receipt of the Request on February 7, 2024. *See* Email Correspondence between Mike Howell and FEMA FOIA, Privacy Office (Feb. 7, 2024) ("Email Corr.") (Ex. 2).

13. Defendant requested that Plaintiffs clarify the Request as "to item 3: FEMA's Office of the Chief Procurement. In order to conduct a search, our department requires a contractor's name or contract number. Please be advised that the example of the record you speak of 'Fiscal Year 2023 Humanitarian Relief Funding Guidance pdf' was not included for review." Email Corr. at 1. Defendant informed Plaintiffs that "[t]his is not a denial of your request." *Id.*

14. Plaintiffs clarified that "Page 40 . . . of the TRANSPORTATION SERVICES ELIGIBLE REIMBURSEMENT SPREADSHEET" was simply an example of the specific type of record requested. *Id.*

15. On February 12, 2024, Defendant issued a final Response, titled FEMA 2024-FEFO-00413 Final Response. *See* Letter from Myra Campbell, Lead Government Information Specialist, FEMA to Mike Howell (Feb. 12, 2024) ("Final Response") (Ex. 3). The Final Response administratively closed the Request because Defendant did "not have reason to believe FEMA would have records responsive to this request." Final Response at 1. Defendant further informed Plaintiffs, that:

> Under the McKinney-Vento Homeless Assistance Act, 42 U.S.C. §§ 11311-11352, the EFSP National Board is the sole recipient of FEMA grant funds for EFSP and is responsible for establishing the program's policies, procedures, and guidelines, as well as determining funding amounts for sub-recipients. As such, FEMA is not charged with awarding sub-recipient funding or receiving, reviewing, or maintaining subrecipient documentation, including for transportation services.

*Id.* at 1.

16. The Final Response did not rule on Plaintiffs' Request for a fee waiver.

17. On February 26, 2024, Plaintiffs filed an appeal. *See* Plaintiff's Administrative Appeal (Aug. 29, 2024) ("Appeal") (Ex. 4).

18. Plaintiffs informed Defendant that "[d]enying control over records from the EFSP National Board ('Board') as it relates to the Request while administratively closing the Request is

5

wrong." Appeal at 1.  Further, Plaintiffs challenged Defendant's determination that it was not the proper recipient of the Request:

> First, it is unclear how the McKinney-Vento Homeless Assistance Act insulates your office from custodian responsibilities, and to what extent this removes the possibility of responsive records to the Request from FEMA.  The Board is 'composed of representatives from [several national non-profit organizations], and FEMA, with FEMA serving as the board chair.' . . . At the very least, the Board is a component of FEMA.  The statute is clear, agency components are subject to FOIA.  *See* 5 U.S.C. §§ 551, 552(a).

*Id.* at 1–2.

19. Plaintiffs further informed Defendant that the Board is a component of FEMA, subject to FOIA: "The fact that the Board receives funding from FEMA, FEMA chairs the Board, and the Board is 'responsible for establishing the program's policies, procedures, and guidelines, as well as determining funding amounts for sub-recipients,' easily meets the definition of an agency under FOIA." *Id.* at 2.

20. Lastly, "FOIA requires forwarding the Request to the appropriate office.  Section 6(a)(1) of the OPEN Government Act amends 5 U.S.C. § 552(a)(6)(A), to require agencies to redirect requests within 10 days to the appropriate component or office. 5 U.S.C. § 552(a)(6)(A)(ii). *Id.*

21. On February 26, 2024, Defendant acknowledged receipt of the Appeal and assigned it tracking number 2024-FEAP-00015.  *See* Email Correspondence from FEMA FOIA Officer to Mike Howell (Feb. 26, 2024) ("Appeal Ack.") (Ex. 5).

22. After the initial acknowledgment, Defendant informed Plaintiffs on April 10, 2024, "This email serves as a status update regarding appeal 2024-FEAP-00015.  We are currently in the process of collecting all potentially responsive records to your FOIA request and expect to issue a final determination by the end of the month.  We sincerely apologize for the delay and a response is forthcoming." Appeal Ack. at 2.

23. Defendants again updated Plaintiffs on April 26, 2024, "FEMA is evaluating the issues raised in your appeal and we need more time to respond. We sincerely apologize for the delay and will notify you with any new updates. Please rest assured a response is forthcoming." Appeal Ack. at 2.

24. On May 1, 2024, Plaintiffs requested a further update on the status of the appeal. *See* Plaintiff's Request for Status Update (May 1, 2024) (Ex. 6). Defendant informed Plaintiffs, "As of April 26, 2024, FEMA is evaluating the issues raised in your appeal and we need more time to respond. We sincerely apologize for the delay and will notify you with any new updates." *Id.*

25. Defendant continued to delay deciding on Plaintiffs' Appeal, citing numerous reasons for the delay as recently as October 31, 2024. *See* Appeal Status Update Emails from Melanie Fischer to Mike Howell (Ex. 7).

26. Defendant is in violation of 6 CFR § 5.8(d), which states, "[t]he statutory time limit for responding to appeals is generally 20 working days after receipt. However, the Appeals Officer may extend the time limit for responding to an appeal provided the circumstances set forth in 5 U.S.C. 552(a)(6)(B)(i) are met."

27. Defendant has not invoked "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

28. Defendant has constructively denied Plaintiffs' request.

29. Twenty working days from February 1, 2024 is March 1, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

30. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

7

31.   FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

32.   Plaintiffs properly requested records within the possession, custody, and control of Defendant.

33.   Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

34.   Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

35.   Defendant's failure to conduct searches for responsive records violates FOIA and DHS regulations.

36.   Plaintiffs have a statutory right to the information they seek.

37.   Defendant is in violation of FOIA.

38.   Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

39.   Plaintiffs have no adequate remedy at law.

40.   Plaintiffs have constructively exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

41.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

42.     FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

43.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

44.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

45.     Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

46.     Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

47.     Defendant's failure to provide all non-exempt responsive records violates FOIA and DHS regulations.

48.     Plaintiffs have a statutory right to the information they seek.

49.     Defendant is in violation of FOIA.

50.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and

publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

51. Plaintiffs have no adequate remedy at law.

52. Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

53. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

54. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

55. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

56. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 6 CFR 5.11(d)(2).

57. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

58. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, The Daily Signal. 5 U.S.C. § 552(a)(4)(a)(ii).

59. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

60. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

61. Plaintiffs have a statutory right to a fee waiver.

62. Defendant is in violation of FOIA by denying a fee waiver.

63. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

64. Plaintiffs have no adequate remedy at law.

65. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

66. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

67. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

68. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

69. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

70. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via a major news outlet, The Daily Signal. 5 U.S.C. § 552(a)(4)(a)(ii).

71. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

72. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

73. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

74. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

75. Plaintiffs have no adequate remedy at law. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis;

B.      Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C.      Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

E.      Retain jurisdiction over this matter as appropriate;

F.      Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G.      Grant such other and further relief as this Court may deem just and proper.

Dated:  November 20, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Eric Neal Cornett
　　　　　　　　　　　　　　　　　　　ERIC NEAL CORNETT
　　　　　　　　　　　　　　　　　　　(No. 1660201)
　　　　　　　　　　　　　　　　　　　Law Office of Eric Neal Cornett
　　　　　　　　　　　　　　　　　　　Telephone:  (606) 275-0978
　　　　　　　　　　　　　　　　　　　Email:  neal@cornettlegal.com

　　　　　　　　　　　　　　　　　　　SAMUEL EVERETT DEWEY
　　　　　　　　　　　　　　　　　　　(No. 999979)
　　　　　　　　　　　　　　　　　　　Chambers of Samuel Everett Dewey, LLC
　　　　　　　　　　　　　　　　　　　Telephone:  (703) 261-4194
　　　　　　　　　　　　　　　　　　　Email:  samueledewey@sedchambers.com

　　　　　　　　　　　　　　　　　　　KYLE BROSNAN
　　　　　　　　　　　　　　　　　　　(No. 90021475)
　　　　　　　　　　　　　　　　　　　The Heritage Foundation
　　　　　　　　　　　　　　　　　　　Telephone:  (202) 608-6060
　　　　　　　　　　　　　　　　　　　Email:  Kyle.Brosnan@heritage.org

　　　　　　　　　　　　　　　　　　　MAX TAYLOR MATHEU
　　　　　　　　　　　　　　　　　　　(No. 90019809)
　　　　　　　　　　　　　　　　　　　Telephone:  (727) 249-5254
　　　　　　　　　　　　　　　　　　　Email:  maxmatheu@outlook.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*